# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN M. VORGITCH,

       Plaintiff,            CASE NO.: 2-21-cv-11657
                                     HON. NANCY G. EDMUNDS
v.                             MAG. JUDGE ELIZABETH A. STAFFORD

CITY OF HARPER WOODS, VINCENT SMITH,
Individually and in his capacity as Harper Woods
Director of Public Safety, and JOHN SZYMANSKI,
Individually and in his capacity as Harper Woods
Acting City Manager, Jointly and Severally,

       Defendants.
_____

| ROBERT W. PALMER (P31704) | AUDREY J. FORBUSH (P41744) |
|---|---|
| **PITT, McGEHEE, PALMER,** | CHARLES L. BOGREN (P82824) |
| **BONANNI & RIVERS, P.C.** | **PLUNKETT COONEY** |
| Attorneys for Plaintiff | Attorney for Defendants |
| 117 W. Fourth Street - Suite 200 | Plaza One Financial Center |
| Royal Oak, MI 48067 | 111 E. Court Street - Suite 1B |
| (248) 398-9800 | Flint, MI 48502 |
| | (810) 342-7014 |
| | (810) 232-3159 - fax |
| | aforbush@plunkettcooney.com |

_____

## RULE 26(f) JOINT DISCOVERY PLAN

**NOW COME** the parties hereto, by and through their respective counsel, and pursuant to the Court's Order of 8/11/2021, submit the following Joint Discovery Plan:

1. **Subject Matter Jurisdiction:**

The basis for the Court's jurisdiction is 28 U.S.C. §1331 [federal question] and 28 U.S.C. §1343 [civil rights] for alleged violations of the Fifth and Fourteenth Amendments of the United States Constitution.

2. **Relationship to Other Cases:**

There is no relationship to any other pending case.

3. **Necessity of Amendments to Pleadings, Additional Parties, Third-Party Complaints:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **December 1, 2021**.

4. **Statements of the Case:**

**(a) Plaintiff's Claims:**

Plaintiff John Vorgitch, was employed by the City of Harper Woods as Deputy Police Chief. In 2020, Plaintiff Vorgitch was suspended and terminated without due process of law. The City Manager, Defendant Szymanski subsequently defamed the Plaintiff in a press conference indicating that the Plaintiff was terminated for attempting to conceal and manipulate evidence relative to the in-custody death of an inmate in the Harper Woods jail. In 2021 the Michigan State Police and the Wayne County Prosecutor's Office indicated public statements that the Plaintiff did nothing inappropriate relative to the

2

death of the inmate in the jail. Although completely exonerated, Plaintiff was returned to employment on June 1, 2021 only in a civilian capacity, carrying out administrative duties.

The instant action is an action for damages based upon a denial of procedural due process in violation of 42 USC §1983, a violation of the Plaintiff's Occupational Liberty Interest under 42 USC §1983 and three state law claims, including defamation, intentional inflection of emotional distress and publishing statements causing Plaintiff to be held in a false light. Plaintiff seeks compensatory damages for lost income as well as damages for severe and significant emotional distress. Additionally, Plaintiff seeks exemplary damages and actual attorney fees.

**(b) Defenses of Defendants:**

Defendants submit the City of Harper Woods is entitled to governmental immunity, and defendants Smith and Szymanski are entitled to absolute and/or governmental immunity pursuant to MCL § 691.1407 *et seq* and qualified immunity. Further, legitimate, nondiscriminatory, and nonretaliatory reasons existed supporting the defendants' conduct, and they acted in good faith and without malice at all times. The defendant was further afforded procedural due process and has failed to allege or establish a deprivation of a constitutional or protected right or liberty interest. The voluntary misconduct and

3

noncompliance of the plaintiff were the proximate causes of the injuries sustained, if any, and plaintiff has not sustained an irreparable harm.

5. **Settlement, Including Alternative Dispute Resolution:**

The parties have not yet discussed the prospects of settlement to date. However, settlement cannot be evaluated prior to the deposition of the Plaintiff.

6. **Progress of Discovery:**

The parties will conduct discovery in this case including, but not limited to, the following: serving written discovery; the taking of depositions of the parties as well as witnesses to the subject incident; and expert discovery. Written discovery will be exchanged.

7. **Proposed Discovery Plan:**

   1. **Disclosures and Exchanges**

      (i) Fed. R. Civ. P. 26(a)(1) disclosures by **October 29, 2021.** (Counsel for the parties have agreed to a later date than would be typically expected due to Plaintiff's counsel's medical surgical procedure at the beginning of October that will cause him to be out of the office for several weeks.)

      (ii) Fed. R. Civ. P. 26(a)(2) for Plaintiff: **December 17, 2021.**

      (iii) Fed. R. Civ. P. 26(a)(2) for Defendants: **January 17, 2022.**

      (iv) The filing of the parties' lay witness lists: **October 29, 2021.**

   **2.     Discovery Deadline:  June 8, 2022.**

   The parties recommend the following discovery plan:

   (i)     Interrogatories will be limited to 25 per side; (ii) There is no limit on requests for production or things and requests for admissions; and (iii) The parties reserve the right to request more than ten depositions per side.

   3.     Motion Cut-off Date: **July 8, 2022.**

   4.     Early Settlement Conference: **May 2022.**

**8.     Issues Which May Appropriately be Resolved by Motion:**

   The parties do not presently anticipate the need to file any discovery motions as of the date of this writing.  Defendants anticipate filing summary judgment motions.

**9.     Estimated Trial Length:**

   Counsel estimate the trial will last approximately 5 full days total, allocated as follows: 2.5 days for Plaintiff's case, 2.5 days for Defendants' cases.

**10.    Insurance:**

   As to Plaintiff, this is not applicable.

   Defendants are insured through the Michigan Municipal League Liability & Property Pool.

**APPROVED BY:**

5

  /s/ ROBERT W. PALMER
ROBERT W. PALMER  (P31704)
**PITT, McGEHEE, PALMER,
BONANNI & RIVERS, P.C.**
Attorneys for Plaintiff

  /s/ CHARLES L. BOGREN
AUDREY J. FORBUSH  (P41744)
CHARLES L. BOGREN (P82824)
**PLUNKETT COONEY**
Attorney for Defendants

Open.00560.13756.27052676-1

6